IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GHANA M. CHINNIAH a/k/a GHANACHANDRA M. CHINNIAH and SUGANTHINI CHINNIAH,<br>　　　Plaintiffs<br><br>v.<br><br>EAST PENNSBORO TOWNSHIP and JEFFREY S. SHULTZ,<br>　　　Defendants | : : : : : : : : : : : : | Civil Action No. 08-cv-1330<br>(Chief Judge Kane) |

## **MEMORANDUM**

Before the Court is Defendant East Pennsboro Township's ("The Township" or "Defendant") motion to dismiss Plaintiffs' complaint. (Doc. No. 5.) For the reasons that follow, the Court grants Defendant's motion.

**BACKGROUND**

On or about September 5, 2007, Plaintiffs, two individuals of Indian descent and who practice Hindu, purchased land in East Pennsboro Township. (Doc. No. 1 ¶ 5.) The lot is divided into three parcels, upon which, at the time of purchase, were two partially-completed townhouse structures consisting of a concrete foundation, framing, siding, doors, windows and a roof structure. (Doc. No. 1 ¶¶ 7, 9.) Plaintiffs spoke to the Township zoning officer, Township Solicitor, and Defendant Shultz about obtaining the necessary permits to finish construction on the buildings. (Doc. No. 1 ¶ 19.) On October 11, 2007, Plaintiffs were issued construction permits to "Finish Interior of Dwelling Including HVAC, Electrical, Plumbing, Drywall, Carpet, Deck and Landscaping." (Doc. No. 1 ¶¶ 23-24.) After some initial improvements had been completed on the townhouse on lot 3A, Plaintiffs requested that Defendant Shultz perform an inspection of the plumbing work and insulation done by Plaintiffs. (Doc. No. 1 ¶¶ 28-29.) On

the day of the inspection, however, Plaintiffs' plumber was unavailable. (Doc. No. 1 ¶ 28.) Instead of the requested plumbing inspection, Defendant Shultz proceeded to conduct a framing inspection, during which he found that the insulation and partial drywall installed by Plaintiffs needed to be removed. (Doc. No. 1 ¶ 29.)

Defendant Shultz then issued a "stop work order" against all three lots because full framing inspections had not been completed. (Doc. No. 1 ¶ 34.) Plaintiffs objected to the imposition of a "stop work order" in the Court of Common Pleas on the grounds that the framing had been completed by the prior owners, nearly seven years before Plaintiffs began their improvements. (Doc. No. 1 ¶ 35.) The "stop work order" was enjoined. (Id.)

Since that time, Plaintiffs allege that Defendants have enforced other township ordinances incorrectly against them while ignoring other, more serious violations by non-Indian land owners. (Doc. No. 1 ¶ 38.) Additionally, Plaintiffs allege that when Mr. Chinniah pointed out the inequitable conduct and suggested that other non-Indian landowners were receiving more favorable treatment, instead of rectifying the misconduct, an unidentified employee notified other landowners that Mr. Chinniah was bringing an action against them. (Doc. No. 1 ¶ 40.) As a result of this misinformation, Mr. Chinniah received threats to his personal safety from another landowner. (Doc. No 1 ¶ 40.) Although Mr. Chinniah reported the threats and intimidation to The Township, he was told no action would be taken against the perpetrator. (Doc. No. 1 ¶ 41.)

**STANDARD OF REVIEW**

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint, Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993), and is properly granted when, taking all factual allegations and inferences as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990). The burden is on the

moving party to show that no claim has been stated.  Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980).  Thus, the moving party must show that Plaintiff has failed to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist."  Kost, 1 F.3d at 183 (citations omitted).  A court, however, "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss."  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir. 1997).  Indeed, the Supreme Court has recently held that while this standard does not require "detailed factual allegations," there must be a "'showing,' rather than a blanket assertion of entitlement to relief . . . '[F]actual allegations must be enough to raise a right to relief above the speculative level'" in order to survive a 12(b)(6) motion to dismiss.  Philips v. County of Allegheny, 515 F.3d 224, 231-32 (3d Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)).

**DISCUSSION**

Defendant argues that Plaintiffs' claim against it is a Monnell claim, and as such, Plaintiffs have failed to state a claim because they did not allege that The Township knew of, approved of, or ratified any discriminatory conduct by its officials. Plaintiffs state that they have alleged sufficient facts upon which it could be concluded that Defendant had constructive and actual notice of its officials' discriminatory conduct, which is sufficient to state a claim.

As a threshold matter, the Court notes in response to Plaintiffs' brief (Doc. No. 8 at 4-10) that Plaintiffs' complaint is sufficiently well-plead to put Defendant on notice that it is being sued as required by Federal Rule of Civil Procedure 8(a). There is no longer a heightened pleading requirement for civil rights actions recognized in this circuit. Alston v. Parker, 363 F.3d 229 (2004). Nonetheless, it is not necessarily true, as Plaintiffs seem to argue, that a plaintiff who pleads with sufficient particularity to meet Federal Rule of Civil Procedure 8(a) states a

claim upon which relief can be granted as required by Federal Rule of Civil Procedure 12(b)(6). The Court now turns to the requirements Plaintiffs' claim must meet to satisfy Federal Rule of Civil Procedure 12(b)(6).

Plaintiffs are making a <u>Monell</u> claim. In <u>Monell</u>, the Supreme Court held that municipalities can be held liable under § 1983 if "some official policy 'causes' an employee to violate another's constitutional rights" through "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." <u>Monell v. Dept. of Soc. Servs.</u>, 436 U.S. 658, 690, 694 (1978). The Supreme Court has also clarified that:

> not every decision by municipal officers automatically subjects the municipality to § 1983 liability.  Municipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered.  The fact that a particular official—even a policymaking official—has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion.

<u>Pembaur v. City of Cincinnati</u>, 475 U.S. 469, 481-82 (1986). The Court made clear that "municipal liability is limited to action for which the municipality is actually responsible." <u>Id.</u> at 479. This has been interpreted to include a failure to properly train employees "where the failure to train amounts to deliberate indifference to the rights of persons with whom the [municipal employees] come into contact." <u>Reitz v. County of Bucks</u>, 125 F.3d 139, 145 (3d Cir. 1997) (quoting <u>City of Canton v. Harris</u>, 489 U.S. 378, 388 (1989)). Thus, for Plaintiffs to have a valid claim, they must allege that an official policy, an adopted decision, or a mentality of deliberate indifference in training its employees by The Township implicates their constitutional rights.

Plaintiffs make no such allegation here. Instead, Plaintiffs attempt to avoid the issue by claiming that The Township itself, rather than simply officers acting on its behalf, violated Plaintiffs' rights. However, it is clear from Plaintiffs' complaint that it was the individuals acting

on behalf of the Township who committed the allegedly discriminatory acts. The Complaint states that "the Township has again indicated *through its officials*" that discrimination would be tolerated. (Doc. No. 1 ¶ 42.) It is implicit that the other allegations against the Township were also committed through its officials because actions such as "precipitating violence" and "enforc[ing] Township Ordinances erroneously . . . while ignoring more serious violations by other non-Indian landowners" can only be done through actors on behalf of the Township. (Doc. No. 1 ¶¶ 43, 38.) Plaintiffs do not support these allegations with an official policy of The Township that advocates or results in discrimination against Indian landowners. Nor do they allege that Defendant failed to adequately train its employees to prevent constitutional violations. Instead, Plaintiffs argue only that the actions of The Township's officials were sufficient to put the Township on notice of the constitutional violations and The Township did nothing. Such an assertion is insufficient to create municipal liability under § 1983.

Monell precisely states that a municipality is not subject to liability for every action taken by one of its officers on its behalf; rather, Plaintiffs must allege that an action that violates their civil rights is part of a policy or adopted custom of The Township. 436 U.S. at 695-96. Although one single decision taken by the highest officials responsible for setting policy may be enough to establish municipal liability, Owen v. City of Independence, 445 U.S. 622 (1980), Plaintiffs did not allege that any individual involved had final policy-making authority on behalf of The Township or that policymakers ratified a subordinate's decision. City of St. Louis v. Prapotnik, 485 U.S. 112, 123 (1988). Plaintiffs alleged only one erroneous enforcement of an ordinance and one failure to prosecute a resident for an allegedly threatening remark. They did not show that the failure to prosecute was a decision that violated their civil rights or that it was ratified by policy-makers. As such, their claim is insufficient as a matter of law to establish a claim that the

Township is liable for violation of their civil rights under § 1983.

**CONCLUSION**

As stated in <u>Monell</u>, Plaintiffs must allege that The Township caused actions that offended their rights, as it cannot be held liable solely on principles of *respondeat superior* for § 1983 claims. Therefore, Plaintiffs have failed to state a claim upon which relief can be granted because they did not adequately allege a custom, policy, or action that violated their rights and for which The Township is responsible. For that reason, Defendant's motion to dismiss is granted.

Plaintiffs are given leave to file an amended complaint, provided they can, in good faith, allege the discriminatory actions were part of Defendant's official policy or customs, or were ratified by an official with policy-making authority.

An order consistent with this memorandum follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GHANA M. CHINNIAH a/k/a : <br> GHANACHANDRA M. : <br> CHINNIAH and : <br> SUGANTHINI CHINNIAH, : <br>     Plaintiffs : <br> : <br> v. : <br> : <br> EAST PENNSBORO TOWNSHIP : <br> and JEFFREY S. SHULTZ, : <br>     Defendants : | **Civil Action No. 08-cv-1330** <br> **(Chief Judge Kane)** |

## ORDER

**AND NOW** on this 17th day of November 2008, upon consideration of Defendant East Pennsboro Township's motion to dismiss (Doc. No. 5), **IT IS HEREBY ORDERED** that the motion to dismiss is **granted.** Plaintiffs are given leave to file an amended complaint on or before December 8, 2008.

                                                         S/ Yvette Kane
                                                         Yvette Kane, Chief Judge
                                                         United States District Court