IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GHANA M. CHINNIAH a/k/a GNANACHANDRA M. CHINNIAH and SUGANTHINI CHINNIAH,<br>      Plaintiffs<br><br>v.<br><br>EAST PENNSBORO TOWNSHIP and JEFFREY S. SHULTZ,<br>      Defendants | :<br>:<br>:   Civil Action No. 08-cv-1330<br>:   (Chief Judge Kane)<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## MEMORANDUM

Before the Court is Defendant East Pennsboro Township's motion to dismiss Plaintiffs' amended complaint. (Doc. No. 16.) For the reasons that follow, the Court will deny Defendant's motion.

## BACKGROUND

On or about September 5, 2007, Plaintiffs Ghana and Suganthini Chinniah, individuals of Indian descent who practice Hindu, purchased property in East Pennsboro Township which was divided into three parcels (3A, 3B, and 3C). (Doc. No. 1 ¶ 5.) Two partially-completed townhouse structures consisting of a concrete foundation, framing, siding, doors, windows and a roof structure were situated on Plaintiffs' property at the time of purchase. (Doc. No. 1 ¶¶ 7, 9.) On or about the time of purchase, Plaintiffs spoke to the township zoning officer, township solicitor, and Defendant Shultz about obtaining the necessary permits to finish construction of the buildings on their property. (Doc. No. 1 ¶ 19.) On October 11, 2007, Plaintiffs were issued construction permits to "Finish Interior of Dwelling Including HVAC, Electrical, Plumbing, Drywall, Carpet, Deck and Landscaping." (Doc. No. 1 ¶¶ 23-24.) After Plaintiffs had completed

some initial improvements to the townhouse on lot 3A, Plaintiffs requested that Defendant Shultz perform an inspection of the plumbing work and insulation. (Doc. No. 1 ¶¶ 28-29.) On the day of the inspection, however, Plaintiffs' plumber was unavailable. (Doc. No. 1 ¶ 28.) Rather than perform the requested plumbing inspection, Defendant Shultz conducted a framing inspection, during which he determined that the insulation and partial drywall installed by Plaintiffs needed to be removed. (Doc. No. 1 ¶ 29.)

Defendant Shultz issued a "stop work order" against all three lots because full framing inspections had not been completed. (Doc. No. 1 ¶ 34.) Plaintiffs objected to the imposition of a "stop work order" in the Court of Common Pleas on the grounds that the framing had been completed by the prior owners, nearly seven years before Plaintiffs began their improvements. (Doc. No. 1 ¶ 35.) The "stop work order" was enjoined. (Id.)

Since that time, Plaintiffs allege that Defendants have enforced other township ordinances incorrectly against them while ignoring other, "more serious violations" by non-Indian land owners. (Doc. No. 1 ¶ 38, 39.) Additionally, Plaintiffs allege that when Mr. Chinniah pointed out the inequitable conduct and suggested that other non-Indian landowners were receiving more favorable treatment, instead of rectifying the misconduct, an unidentified employee notified other landowners that Mr. Chinniah was bringing an action against them. (Doc. No. 1 ¶ 40.) As a result of this misinformation, Mr. Chinniah received threats to his personal safety from another landowner. (Doc. No 1 ¶ 40.) Although Mr. Chinniah reported the threats and intimidation to the township, he was told no action would be taken against the perpetrator. (Doc. No. 1 ¶ 41.)

Defendant East Pennsboro Township moved to dismiss Plaintiffs' first complaint on

September 24, 2008 for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 5.) By order dated November 18, 2008, this Court granted the motion on the grounds that Plaintiffs failed to adequately allege a policy or custom of discrimination by the township, which is required to establish municipality liability under Monell. (Doc. No. 11.) However, the Court gave Plaintiffs leave to amend their complaint, which they did on December 8, 2008. (Doc. No. 14.) Defendant East Pennsboro Township now moves again to dismiss this action on the grounds that Plaintiffs have still failed to state a claim sufficient to establish municipality liability. (Doc. No. 16.)  The motion has been fully briefed and is ripe before the Court for disposition.

**STANDARD OF REVIEW**

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint, Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993), and is properly granted when, taking all factual allegations and inferences as true, the moving party is entitled to judgment as a matter of law.  Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990).  The burden is on the moving party to show that no claim has been stated.  Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980).  Thus, the moving party must show that Plaintiff has failed to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist."  Kost, 1 F.3d at 183 (citations omitted). A court, however, "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir. 1997).  Indeed, the Supreme Court has recently held that while this standard does not require "detailed factual allegations," there must be a "'showing,' rather than a blanket assertion of entitlement to relief . . . '[F]actual

allegations must be enough to raise a right to relief above the speculative level'" in order to survive a 12(b)(6) motion to dismiss.  Phillips v. County of Allegheny, 515 F.3d 224, 231-32 (3d Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)).

**DISCUSSION**

Plaintiffs claim that, as ethnic and religious minorities, their right to equal protection of the laws was violated by the township because the township selectively enforced construction and building ordinances against them. Plaintiffs' basic claims have not changed from the first to the amended complaint, and while Plaintiffs have included additional allegations, Defendant argues that the amended complaint still falls short of alleging sufficient facts to sustain a finding of liability on behalf of the township.

It is established that § 1983 claims will not lie against a municipality if they are based solely upon a theory of *respondeat superior*. Monell v. Dept. of Social Servs., 436 U.S. 658 (1978). The Supreme Court made clear that "municipal liability is limited to action for which the municipality is actually responsible." Pembaur v. City of Cincinnati, 475 U.S. 469, 479 (1986). Plaintiffs' claim will survive a motion to dismiss if they make a showing that East Pennsboro Township has a policy or custom that amounts to deliberate indifference to the residents' constitutional rights or the policy-maker had notice that a constitutional violation was likely to occur. Carswell v. Borough of Homestead, 381 F.3d 235, 244 (3d Cir. 2004); Berg v. County of Allegheny, 219 F.3d 261, 276 (3d Cir. 2000). A "policy" includes official proclamations made by a municipal decision-maker with final authority, and "customs" are defined as "practices of state officials . . . so permanent and well settled as to virtually constitute law." Berg, 219 F.3d at 275 (internal quotations omitted). A plaintiff can plead a custom of discrimination by alleging

that officials have either actual or constructive knowledge of the pattern or practice that caused the discrimination at issue; or a plaintiff can demonstrate that the officials showed deliberate indifference to a high likelihood that the practice would cause the discrimination. See Carswell, 381 F.3d at 244; Beck v. City of Pittsburgh, 89 F.3d 966, 971-72 (3d Cir. 1996); Berg, 219 F.3d at 275-76; Hernandez v. Borough of Palisades Park Police Dept., 58 Fed.Appx. 909 (3d Cir. 2003) (unpublished opinion). Failure to allege that a policy or custom caused the constitutional violation will result in dismissal of a claim against a municipality. See e.g., Marran v. Marran, 376 F.3d 143, 156 (3d Cir. 2004). Plaintiffs do not point to a specific township "proclamation, policy, or edict" that encourages or allows for discrimination on the basis of religion or ethnicity, therefore, they allege a custom rather than a policy of discrimination. The Court now turns to whether Plaintiffs have submitted sufficient allegations to raise an inference of a municipal custom of discrimination. (Am. Comp. ¶ 50.)

Plaintiffs allege that Defendant Shultz issued a "stop work order" to Plaintiffs; that the township defended that order in court; that the township continued to enforce its ordinances against Plaintiffs, preventing them from completing construction despite the injunction against enforcement of the "stop work order;" that the township failed to take action against a similarly situated non-Indian neighbor of Plaintiffs for violations "more serious" than Plaintiffs'; and that the township showed deliberate indifference to their safety by disclosing to Plaintiffs' neighbors that Plaintiffs had made a complaint about their building code violations. Further, Plaintiffs allege that township officials treated them less favorably and demonstrated indifference to their safety when Plaintiffs reported threats and intimidation to the township both personally and through their attorney. Lastly, Plaintiffs allege that the township officials had knowledge of all

these discriminatory events. (Am. Comp. ¶¶ 45-51.) While a municipality has discretion in enforcing its laws, selective enforcement can amount to an equal protection violation even if the plaintiff is guilty of the underlying violation. Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 425 (3d Cir. 2003).

Taking all allegations as true, the Court finds that Plaintiffs have sufficiently alleged a custom of discrimination at the township that could establish liability under Monell. Plaintiffs allege that the township officials' knowledge of discriminatory practices by its employees against Indians began with the initial "stop work order" issued against Plaintiffs for work that had been done by the prior owners. When the other allegations— the court proceedings, the continuing inspections against the Plaintiffs despite a court-ordered injunction, the disclosure to Plaintiffs' neighbors that Plaintiff made allegations against them, and the failure to inspect non-Indian landowners' property for violations—are added, Plaintiffs have sufficiently alleged a pattern of discrimination. When coupled with the officials' knowledge of it, this pattern of discrimination is a sufficient allegation of a custom of discrimination on the part of the township. This is not to say the allegations are proved, but taking all allegations as true, the Court finds that Plaintiffs have alleged a custom of discrimination on the part of the township.

**CONCLUSION**

In examining the allegations in the light most favorable to Plaintiffs, the Court concludes that Plaintiffs' amended complaint has sufficiently alleged a § 1983 equal protection claim against East Pennsboro Township.

An order consistent with this memorandum follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GHANA M. CHINNIAH a/k/a : <br> GNANACHANDRA M. : <br> CHINNIAH and : <br> SUGANTHINI CHINNIAH, : <br>     Plaintiffs : <br> : <br> v. : <br> : <br> EAST PENNSBORO TOWNSHIP : <br> and JEFFREY S. SHULTZ, : <br>     Defendants : | Civil Action No. 08-cv-1330 <br> (Chief Judge Kane) |

## **ORDER**

**AND NOW,** on this 12th day of March 2009, upon consideration of Defendant East Pennsboro Township's motion to dismiss (Doc. No. 16), **IT IS HEREBY ORDERED** that the motion to dismiss is **denied.**

                                                      S/ Yvette Kane
                                                      Yvette Kane, Chief Judge
                                                      United States District Court