**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GHANA M. CHINNIAH a/k/a** | : | |
| **GNANACHANDRA M. CHINNIAH** | : | |
| **and SUGANTHINI CHINNIAH,** | : | **Civil Action No. 1:08-cv-1330** |
|     **Plaintiffs** | : | |
| | : | **( Chief Judge Kane)** |
| **v.** | : | |
| | : | **(Magistrate Judge Blewitt)** |
| **EAST PENNSBORO TOWNSHIP** | : | |
| **and JEFFREY S. SHULTZ,** | : | |
|     **Defendants** | : | |

**<u>MEMORANDUM</u>**

Currently pending before the Court is a motion for summary judgment filed by

Defendants East Pennsboro Township an Jeffrey Shultz.  (Doc. No. 104.)  On February 29, 2012,

Magistrate Judge Thomas Blewitt issued a Report and Recommendation in which he

recommended that this Court grant the motion for summary judgment in part and deny the

motion in part.  (Doc. No. 158.)  Defendants have filed objections to those portions of the Report

and Recommendation in which Judge Blewitt recommends that the motion for summary

judgment be denied.  (Doc. Nos. 159, 160.)  The motion is now ripe for disposition.  For the

reasons stated more fully herein, the Court will adopt the Report and Recommendation and will

grant summary judgment in part.

**I.      BACKGROUND**[1]

The background of this matter has been thoroughly set forth in Judge Blewitt's Report

---

[1] In reviewing a motion for summary judgment, the Court must "consider all evidence in the light most favorable to the party opposing the motion."  <u>A.W. v. Jersey City Pub. Schs.</u>, 486 F.3d 791, 794 (3d Cir. 2007).  The Court notes that cross motions for summary judgment have been filed; however, the material facts in this matter do not appear to be in dispute.  Indeed, the parties' respective statements of material fact are nearly identical.

and Recommendation.  The Court will briefly summarize the factual issues relevant to this

matter.  To the extent Defendants challenge the Report and Recommendation's recitation of the

facts, the Court will address those disputes more fully in the discussion section of this

memorandum.

Plaintiffs Ghana and Suganthini Chinniah, who are of Indian decent and who are

adherents of Hinduism,[2] purchased property in East Pennsboro Township in September 2007.

(Doc. No. 106 ¶ 3.)   The property was subdivided into three parcels referred to as Units 3A, 3B,

and 3C.  (Id. ¶ 1.)  At the time of purchase, two partially completed townhouses were situated on

the property.[3]  After purchasing the property, Plaintiffs spoke with the township zoning officer,

the township solicitor, and Defendant Shultz, the Township Building Code Official, regarding

what needed to be done to make the buildings habitable.  (Id. ¶ 3.)  Plaintiffs were issued

construction permits on October 11, 2007.[4]  (Doc. No. 104-2, Exs. 2, 3.)  On November 2, 2007,

Defendant Shultz conducted what he called a framing inspection, during which he determined

that the insulation and drywall installed by Plaintiffs needed to be removed so that he could

---

[2] Neither party actually presents these facts in their statements of undisputed material facts.  The Court does note, however, that this fact is raised in both Plaintiffs' brief in opposition and Plaintiffs' complaint and is not contradicted.  Because Defendants do not specifically object to this fact or point to a lack of evidence supporting such a conclusion, the Court will consider it in the motion for summary judgment.

[3] These facts are not directly referenced in the statement of undisputed material facts.  Defendants reference "construction" having started on the property but not having been finished.  (Doc. No. 106 ¶ 1.)  They also note that Units 3A and 3B had been partially completed.  (Id. ¶ 7.)  Once again, Plaintiffs refer to the townhouses in their complaint and brief in opposition and Defendants do not contradict these references.  Because Defendants do not specifically object to these facts, the Court will consider them in the motion for summary judgment.

[4] Defendants contend, and Plaintiffs agree, that this happened on October 1, 2007.  However, the permits themselves indicate that they were issued on October 11, 2007.  (Doc. No. 104-2, Exs. 2, 3.)

conduct the framing inspection.  (Doc. No. 104-2, Ex. 4.)  Plaintiffs objected to the framing

inspection, at least in part, because the framing had been approved before the property had been

purchased by Plaintiff.  (Doc. No. 104-2, Ex. 7.)  Defendant Shultz issued a stop work order

pending completion of the framing inspections.  (Doc. No. 104-2, Ex. 6, Ex. 8.) However,

Plaintiffs successfully challenged the stop work order in the Court of Common Pleas for

Cumberland County and the stop work orders were lifted.  (Doc. No. 104-2, Ex. 9.)  In

November 2007 and February 2008, Plaintiffs filed complaints with Defendants regarding

violations on a neighboring property.  (Doc. No. 104-2, Ex 11, 12.)  In April 2008, Plaintiffs

reported to police that a "white male" told Plaintiff to "mind his own business and to stop

reporting him and his property to the township or [Plaintiff] will get his."  (Doc. No. 104-2, Ex.

13.)

## II.    STANDARD OF REVIEW

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment is

warranted "if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A factual dispute is

material if it might affect the outcome of the suit under the applicable law, and it is genuine only

if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a

verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49

(1986).  At summary judgment, the inquiry is whether the evidence presents a sufficient

disagreement to require submission to the jury or whether it is so one-sided that one party must

prevail as a matter of law.  Id. at 251-52.  In making this determination, the Court must "consider

all evidence in the light most favorable to the party opposing the motion."  A.W., 486 F.3d at

794.

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact.  Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004).  Once the moving party has shown that there is an absence of evidence to support the non-moving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument."  Berckeley Inv. Grp. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006); accord Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is warranted.  Celotex, 477 U.S. at 322.  With respect to the sufficiency of the evidence that the non-moving party must provide, a court should grant summary judgment where the non-movant's evidence is merely colorable, conclusory, or speculative.  Anderson, 477 U.S. at 249-50.  There must be more than a scintilla of evidence supporting the non-moving party and more than some metaphysical doubt as to the material facts.  Id. at 252; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Further, a party may not defeat a motion for summary judgment with evidence that would not be admissible at trial.  Pamintuan v. Nanticoke Mem'l Hosp., 192 F.3d 378, 387 (3d Cir. 1999).

III.   **DISCUSSION**

Neither party lodged objections against the recommendation that summary judgment be entered as to: (1) any Section 1983 claims for monetary damages raised against Defendant Shultz in his official capacity; (2) any procedural due process claims; and (3) any substantive due

process claims.  The Court has reviewed these recommendations and concludes that, to the

extent the amended complaint can be construed as to raise such claims, summary judgment is

warranted as to each claim.  Defendants do raise objections to those portions of the Report and

Recommendation in which Magistrate Judge Blewitt recommends that this Court deny the

motion for summary judgment as to Plaintiffs' equal protection claims against Defendant Shultz

in his individual capacity and Defendant East Pennsboro Township.  The Court will review these

recommendations in turn.

       **A.       Defendant Shultz**

In order to succeed on their equal protection claim brought pursuant to 42 U.S.C. § 1983,

Plaintiffs must prove the existence of purposeful discrimination.  Andrews v. Phila., 895 F.2d

1469, 1478 (3d Cir. 1990).  That is, they must prove that they were members of a protected class

and that they received different treatment than that received by other similarly situated

individuals on the basis of their status as a member of that protected class.  See Oliveira v. Twp.

of Irvington, 41 F. App'x 555, 559 (3d Cir. 2002) (citing Keenan v. City of Phila., 983 F.2d 459,

465 (3d Cir. 1992)).  There does not appear to be a dispute regarding whether Plaintiffs were

members of a protected class.  Rather, the Defendants dispute whether Magistrate Judge Blewitt

erred in concluding that there was a dispute of material fact regarding whether Plaintiffs were

treated differently than similarly situated individuals on the basis of their status as individuals of

Indian descent who are adherents of Hinduism.

Defendants argue that the Report and Recommendation improperly relied on three

unsupported factual allegations in concluding that summary judgment was not warranted on

Plaintiffs' equal protection claim against Defendant Shultz, namely that: (1) Defendant Shultz

approved the framing of the property when it was owned by Timothy Mowery, but required the framing to be inspected again using a more stringent standard after it had been purchased by Plaintiffs; (2) Defendant Shultz had no basis for issuing a stop work order on November 20, 2007; and (3) Defendant Shultz intentionally delayed lifting the stop work order after the Court of Common Pleas for Cumberland County ordered Defendant to lift the order.  A review of the Report and Recommendation reveals that while Magistrate Judge Blewitt noted Plaintiffs' argument on the latter two issues raised by Defendants, it does not appear that he actually relied on them in making his recommendation.  (Doc. No. 158 at 29-30.)  Rather, as their claim relates to Defendant Shultz, it appears that Magistrate Judge Blewitt relied solely on the issue of the framing inspection and the application of differing codes in denying summary judgment.  Accordingly, the Court will only address this issue in determining whether Defendant Shultz is entitled to summary judgment on Plaintiffs' equal protection claim against him.

Regarding the issues surrounding the framing inspection of the property, the Court finds that Magistrate Judge Blewitt did not err in determining that there were disputed issues of material fact.  There is evidence, which does not appear to be disputed by Defendants, that the property was inspected in 2000 when Mr. Mowery, a non-Indian, owned the property and that, as of September 2007, Plaintiffs and Defendant Shultz agreed that the 1995 CABO Building Code would apply to the already completed framing rather than the Pennsylvania Uniform Construction Code standards.  (Doc. No. 104-2, Ex. 6.)  Defendants argue, however, that although Defendant Shultz referred to the inspection he conducted on November 2, 2007, as a "framing inspection," that inspection was actually conducted to determine if the fire stopping had been installed and to ensure that the fire stopping satisfied the Uniform Construction Code –

which Defendants point out is identical to the 1995 CABO Building Code on this issue.  (Doc.

No. 160 at 4.)

       Defendants' construction of these facts may ultimately be confirmed; however, there is

ample evidence to support Plaintiffs' version of the relevant events.  Specifically, Defendant

Shultz's inspection report states that he intended to conduct a "framing inspection" of the

property.  (Doc. No. 104-2, Ex. 4.)  Further, his report cites Plaintiffs for, <u>inter alia</u>, "insulation

already installed prior to framing inspection," "drywall hung entire 1st floor ceiling without

framing inspection," and "fire rated drywall installed @ tenant separation wall without framing

inspection."  (<u>Id.</u>)  Further, Defendant Shultz sent Plaintiffs' then-attorney Doug Miller a letter

two weeks after the "framing inspection" in which he informs him that the property would need

to "satisfy the requirements of the Pennsylvania Uniform Construction Code," that when he

conducted his "framing inspection" he found that Plaintiffs had permitted their workers to

"install[] the drywall to the framing that was not approved," that Plaintiff could either appeal his

finding or "remove all insulation and drywall, exposing all framing members so that a thorough

framing inspection may be completed," and that he was on site to "conduct a framing

inspection."  (Doc. No. 104-2, Ex. 5.)  Defendant Shultz followed up with Plaintiffs, explaining

that "no work may continue or resume [on the property] prior to inspection and approval of all

framing issues."  (Doc. No. 104-2, Ex. 6.)

       In light of these statements, all from Defendant Shultz himself, the Court finds that

Magistrate Judge Blewitt was correct in finding that there were disputed issues of fact regarding

Plaintiffs' equal protection claim against Defendant Shultz.  Indeed, it appears that Defendants'

sole argument on this issue is that there is no dispute of fact because Defendant Shultz did not

mean what he said.  Determining whether this is correct is precisely the type of disputed factual question that a jury, rather than the Court, should decide.  On the current record, a jury could find that Defendant Shultz quite literally applied a double standard to the property's framing when he inspected the property at the time it was owned by a white man as compared to when he inspected the property at the time it was owned by an Indian man.  Accordingly, summary judgment is not warranted as to Plaintiff's equal protection claim against Defendant Shultz.

### B.       Defendant East Pennsboro Township

In Monell v. New York City Department of Social Services, the United States Supreme Court held that municipalities are "persons" subject to liability pursuant to 42 U.S.C. § 1983. 436 U.S. 658, 690 (1978).  A Section 1983 claim will not lie against a municipality, however, if it is based solely on a theory of respondeat superior.  Id. at 691-92.  Rather, a municipality may only be held liable pursuant to Section 1983 if a plaintiff is able to identify a policy or custom of the municipality that caused the constitutional violation.  A.M. v. Luzerne Cnty. Juvenile Det. Ctr., 372 F.3d 572, 580 (3d Cir. 2004) (citing Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown, 520 U.S. 397, 403 (1997)).

A municipal policy is made when an official with final decision-making authority issues an official proclamation, policy, or edict.  Andrews, 895 F.2d at 1480 (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986)).  There is no allegation that an official municipal policy resulted in Plaintiffs' injuries.  Accordingly, Defendant East Pennsboro Township may only be held liable if Plaintiffs can establish that a municipal custom resulted in a constitutional violation.  A custom or practice may give rise to municipal liability where a course of conduct, though not authorized by law, is so permanent and widespread as to virtually constitute law.  Id.

(quoting Monell, 436 U.S. at 690).  To establish municipal liability based upon a custom or

practice, the plaintiff must demonstrate that "through its deliberate conduct, the municipality was

the 'moving force' behind the injury alleged."  Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,

520 U.S. 397, 404 (1997) (emphasis in the original).  A plaintiff may satisfy the culpability

requirement in one of two ways.  If a particular municipal action itself violates a plaintiff's

federally protected rights or a municipal decision maker directs an employee to violate a

plaintiff's rights, a showing that the municipality or its decision maker acted intentionally will

suffice.  Id. at 405.  Where a facially lawful municipal action has led to a violation of plaintiff's

rights, a plaintiff must demonstrate that the municipality or a decision maker had notice that a

constitutional violation could occur as a result of a particular action or course of conduct and that

the decision maker acted with deliberate indifference to that risk.  Id. at 407; Berg v. Cnty. of

Allegheny, 219 F.3d 261, 276 (3d Cir. 2000).  Finally, a plaintiff must establish an "affirmative

link" or "plausible nexus" between the custom or practice and the alleged constitutional

deprivation.   Bielevicz v. Dubinon, 915 F.2d 845, 850-51 (3d Cir. 1990).

        Plaintiffs do not allege that Defendant East Pennsboro Township promulgated a policy of

discriminating against individuals of Indian descent or adherents of Hinduism.  Nor do they

allege that a policymaker took any action or directed an employee to take any action that violated

federal law.  Accordingly, their claims against Defendant East Pennsboro Township will only

rise above the level of a respondeat superior claim if they can point to evidence of record that

would support a finding that a policymaker had knowledge of some course of conduct of

municipal employees and was deliberately indifferent to the likelihood that the course of conduct

would result in constitutional violations.

Whether Plaintiffs have set forth evidence from which a jury could reasonably conclude that a policymaker was deliberately indifferent to the likelihood of constitutional violations is a close question.  Much of the evidence identified by Plaintiffs to support their claim in this regard is irrelevant, wholly reliant on speculation, or premised on a theory of <u>respondeat</u> <u>superior</u>. Plaintiffs have, however, identified some evidence from which a factfinder could plausibly conclude that Defendant East Pennsboro Township is subject to <u>Monell</u> liability.  Plaintiffs note that they initiated legal proceedings in the Court of Common Pleas for Cumberland County against Defendant East Pennsboro Township to challenge Defendant Shultz's stop work order, which resulted in the order being lifted.  (Doc. No. 104-2, Ex. 9.) These proceedings coupled with the many complaints raised by Plaintiffs could lead a reasonable juror to conclude that township officials either were, or should have been, aware of the alleged problems with the manner in which building codes were enforced as to these Plaintiffs.  Further, although Defendants dispute the meaning of the many photographs submitted by Plaintiffs purporting to show structures violating various township building codes, to the extent Plaintiffs are able to establish that the photographs do in fact depict widespread unaddressed code violations, a jury could conclude that the sheer volume of violations committed by non-Indian owners that went unaddressed should have placed township policymakers on notice that the building inspectors were enforcing the codes differently with respect to owners who were not of Indian descent or adherents of Hinduism.   Accordingly, the Court will deny Defendant East Pennsboro Township's motion for summary judgment on this basis.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GHANA M. CHINNIAH a/k/a  :
GNANACHANDRA M. CHINNIAH :
and SUGANTHINI CHINNIAH,  :  **Civil Action No. 1:08-cv-1330**
  Plaintiffs        :
              :  **( Chief Judge Kane)**
v.              :
              :  **(Magistrate Judge Blewitt)**
EAST PENNSBORO TOWNSHIP :
and JEFFREY S. SHULTZ,   :
  Defendants        :

## ORDER

   **AND NOW**, on this 5th day of June 2012, **IT IS HEREBY ORDERED THAT**, the

Report and Recommendation (Doc. No. 158) is **ADOPTED**.  The Court will **GRANT IN PART**

Defendants' motion for summary judgment (Doc. No. 104) as follows:

   1.  The motion for summary judgment is **GRANTED** as to any Section 1983 claims
      for monetary damages raised against Defendant Shultz in his official capacity;
      any procedural due process claims; and any substantive due process claims.

   2.  The motion is **DENIED** as to Plaintiffs' equal protection claims against
      Defendant Shultz in his individual capacity and Defendant East Pennsboro
      Township.

The Clerk of Court is directed to reserve entry of judgment pending the disposition of all

remaining claims.  **IT IS FURTHER ORDERED THAT** a conference call will be held on June

28, 2012, at 1:30 p.m.  Plaintiff's counsel shall initiate this call.  The telephone number of the

court is 717-221-3990.

           S/ Yvette Kane
           Yvette Kane, Chief Judge
           United States District Court
           Middle District of Pennsylvania