IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GHANA M. CHINNIAH a/k/a : | | |
| GNANACHANDRA M. CHINNIAH : | | |
| and SUGANTHINI CHINNIAH, : | Civil Action No. 1:08-cv-1330 | |
|    Plaintiffs : | | |
| : | (Chief Judge Kane) | |
| v. : | | |
| : | (Magistrate Judge Blewitt) | |
| EAST PENNSBORO TOWNSHIP : | | |
| and JEFFREY S. SHULTZ, : | | |
|    Defendants : | | |

**MEMORANDUM ORDER**

Currently pending before the Court is Defendant Jeffrey Shultz's motion for reconsideration in part of the Court's June 5, 2012 order denying his motion for summary judgment. (Doc. No. 162.) For the reasons stated more fully herein, the Court will deny the motion.

**I.    STANDARD OF REVIEW**

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court

has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (citation omitted). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995) (citation omitted).

## II. DISCUSSION

Defendant argues that reconsideration is warranted based on an apparent misapprehension of the facts underlying the order denying summary judgment. Specifically, Defendant contends that the Court inaccurately stated that Defendant had conducted an inspection of the property in 2000, which he had not as he was not employed by the Township in 2000. The Court, however, did no such thing. In its June 5, 2012 order, the Court briefly reviewed the undisputed evidence in this matter. In conducting this review, the Court acknowledged that an unnamed individual conducted an inspection of the property in 2000. The Court never suggested that Defendant conducted this inspection.

In ruling on the motion for summary judgment as to Defendant, the Court properly directed its attention to the objections raised by Defendant in response to Judge Blewitt's Report and Recommendation. In his objections, Defendant argued that all parties agree that prior

inspections had been performed and that the framing itself had been grandfathered. Defendant further argued that in spite of this agreement, Plaintiff's claim must fail because no evidence was introduced to establish that Defendant attempted to perform a new framing inspection after Plaintiff purchased the property. Therefore, the Court quoted Defendant at length to show that Plaintiff had indeed produced facts that could lead a factfinder to conclude that Defendant had attempted to perform a framing inspection of the property.

In his motion for reconsideration, Defendant contends that no evidence was put forth from which a factfinder could conclude that he had conducted a prior framing inspection or applied different standards when Mr. Mowrey, an individual of European descent, had owned the property. The Court disagrees. On this point, Plaintiff has produced photographs which he contends depicts notes and markings in Defendant's handwriting on the insulation between the frames, which were present prior to Plaintiff purchasing the property from Mr. Mowrey. (Doc. No. 120-1 ex. 6.) In his reply brief in support of his motion for reconsideration, Defendant disputes these notes were made by him. This, however, is a dispute of fact that the Court may not resolve at this stage. To that end, as the record stands at summary judgment, a factfinder could conclude that: (1) Defendant personally completed a framing inspection of the property when an individual of European descent owned the property; (2) some time thereafter, Plaintiff, an individual of Indian descent, purchased the property; (3) the parties agreed that the completed portions of the property including the framing would be grandfathered under the 1995 CABO Building Code;[1] and (4) Defendant then demanded that Plaintiff submit to a new framing

---

[1] The Court acknowledges that the two codes at issue appear to be substantially identical on the framing issue. The Court finds, however, that a jury could conclude that if Defendant already approved the framing applying the 1995 CABO Building Code and then demanded that

inspection and issued a stop work order.  As the Court noted in its initial order, at trial Plaintiff may fail to prove that Defendant violated his rights.  Based on the evidence put before the Court, however, Plaintiff is entitled to argue his position to a jury.

**ACCORDINGLY**, on this 25th day of July 2012, **IT IS HEREBY ORDERED THAT** Defendant's motion for reconsideration (Doc. No. 162) is **DENIED**.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania

---

Plaintiff submit to a second framing inspection after he purchased the property, that the purpose of the second inspection was to apply a new, more stringent standard.