IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GNANA M. CHINNIAH, et al., : | |
|     Plaintiffs : | |
| : | No. 1:08-cv-01330 |
| v. : | |
| : | (Judge Kane) |
| EAST PENNSBORO TOWNSHIP, et al., : | |
|     Defendants : | |

## MEMORANDUM

Presently pending before the Court is Defendants' omnibus motion in limine. (Doc. No. 221.) The Court will address each proposed exclusion in turn.

### I. PLAINTIFFS' PROPOSED WITNESS GIRISH MODI

Defendants seek an order precluding the testimony of Mr. Girish Modi on the grounds that Plaintiffs never identified Modi as a witness during discovery, and, have failed to provide any explanation of the testimony's expected relevance to the dispute. (Doc. No. 222 at 13.) Plaintiffs submit that Mr. Modi's testimony will offer that Defendant Shultz also discriminated against him because of his national origin, Indian. Plaintiffs argue that the identify of Mr. Modi only became known to Plaintiffs in October 2012 and that Modi's identity was disclosed to Defendants as early as February 20, 2013. Defendants do not dispute these assertions. Although Mr. Modi was identified as a witness after the close of fact discovery, the Court finds that the late disclosure was unavoidable and that Defendants have suffered no prejudice because of it. The Court agrees with Plaintiffs that Defendants had ample opportunity to depose or informally interview Mr. Modi prior to trial. The Court will deny Defendants' motion to preclude Modi from testifying, provided that Plaintiffs' counsel can establish a basis for his testimony.

### II. PLAINTIFFS' PROPOSED EXPERT WITNESS JONATHAN GREINER

1

Plaintiffs list Jonathan Greiner, of GeoDecisions, Camp Hill, Pennsylvania as an expert witness/fact witness in their pretrial memorandum, and indicate that he will testify about the operation of Defendants' Geoplan property maintenance/code violation database in support of Plaintiffs' claim that Defendants withheld evidence during discovery. (Doc. No. 228 at 9.) Defendants object to Plaintiffs' use of an expert witness on the grounds that Plaintiffs have not provided the expert report required by Federal Rule of Civil Procedure 26(a)(2)(B), nor have they provided Defendants with any opportunity to conduct discovery regarding his testimony. (Doc. No. 222 at 16.) Moreover, Plaintiffs assert that because they did not specifically retain Mr. Greiner as an expert, and he never prepared a report for Plaintiffs, the Court should excuse Plaintiffs' failure to submit any expert report or disclose Mr. Greiner's identity. (Id. at 12.) Plaintiffs' counsel has also indicated that their non-disclosure of Mr. Greiner was inadvertent.

The Court agrees that to the extent that Mr. Griener's testimony is expert opinion, it must be precluded. The Federal Rules of Civil Procedure provide that a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705. Fed. R. Civ. P. 26(a)(2)(A). If the witness is "one retained or specially employed to provide expert testimony [,]" the federal rules require that the disclosure of the expert be accompanied by a written expert report. Fed. R. Civ. P. 26(a)(2)(B). Parties must make expert disclosures at least ninety days before the trial date, or, thirty days if the expert is offered in rebuttal. Fed. R. Civ. P. 26(a)(2)(D). If a party fails to disclose an expert witness as required by Rule 26(a), that party is not allowed to use the witness to supply evidence at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Here, the Court finds that Defendants would be prejudiced by Plaintiffs' failure to

comply with Federal Rule of Civil Procedure 26(a)(2), and that the late disclosure of this witness is not justified. Moreover, given that Plaintiffs' counsel had yet to interview him as of November 7, 2013, the date of the pretrial conference, it is not at all clear that Mr. Greiner's testimony is expert in nature. To the extent that Mr. Greiner can offer relevant testimony as a fact witness on an issue before the Court, his testimony will be permitted. Thus, the Court will grant Defendants' motion in limine seeking to preclude Mr. Greiner from testifying as an expert witness to the extent that Mr. Greiner may testify solely as a fact witness.

### III. PLAINTIFFS' "INDISCERNIBLE" EXHIBITS 11, 12, 13, 23, 24, and 25

Defendants urge the Court to exclude certain exhibits identified in Plaintiffs' pretrial memorandum of February 12, 2013, because those exhibits were not provided in discovery, and, further, Plaintiffs' description of the proposed exhibits are not sufficiently detailed to allow Defendants to prepare for trial. Defendants also assert that they have repeatedly asked Plaintiffs to provide copies of these "Indiscernible Exhibits," but Plaintiffs have failed to do so. (Doc. No. 222 at 14.) Plaintiffs appear to argue that as of the date of their brief in opposition to Defendants' omnibus motion in limine (November 4, 2013), the only exhibits that Defendants still oppose are (1) recent photographs not yet provided to Defendants, and (2) Plaintiffs' annotations on these photographs. (Doc. No. 230 at 6.) Plaintiffs assert that these photos will be provided to defense counsel as soon as possible. (Id. at 8.)

With respect to using evidence obtained after the close of discovery, Plaintiffs assert that Plaintiff Gnana Chinniah has continued to document ongoing violations by non-Indian property owners since the close of discovery, and therefore Defendants' proposed exclusion of this evidence is an effort to "prevent Mr. Chinniah from using all of the available information and

3

facts." (Doc. No. 230 at 7.) Plaintiffs also assert that Defendants will suffer no prejudice as they have had the opportunity to likewise monitor East Pennsboro Township over the last two years.

The Court will deny Defendants' motion in limine seeking to exclude certain "Indiscernible Exhibits," with the following exceptions: (1) Plaintiffs may not introduce Plaintiff Gnana Chinniah's handwritten annotations on photographs of East Pennsboro Township properties, apart from those annotations listing the address; if necessary, Plaintiffs' counsel may use such annotations for the sole purpose of refreshing Plaintiff Gnana Chinniah's recollection while testifying, and (2) Although Plaintiffs may attempt to submit photographs of East Pennsboro Township properties from 2012 and 2013 during trial, the Court observes there is a presumption that such photographs will be excluded on the grounds that they are irrelevant.

## IV. JURY VIEW OF EAST PENNSBORO TOWNSHIP

Plaintiffs proposed in their pretrial memorandum that the jury be transported to East Pennsboro Township in order to view certain properties related to this matter. (Doc. No. 228 at 12.) Defendants oppose this proposed jury view on the grounds that it would be an unnecessary waste of judicial resources, and, that both parties could instead provide photographs for context. (Doc. No. 222 at 17.) Plaintiffs do not provide any legal support for their position that a jury view is necessary, but instead assert that "nothing provides an understanding as well as experience." (Doc. No. 230 at 14.) Because Plaintiffs have since filed a separate motion for a jury view (Doc. No. 235), the Court will rule on this issue in a separate order.

## V. PROPOSED EXCLUSION OF PLAINTIFFS' EVIDENCE ACQUIRED AFTER CLOSE OF DISCOVERY

Defendants object to the presentation of evidence to support Plaintiffs' claim regarding discriminatory actions by the Cumberland County Tax Claim Bureau. This claim is not a part of

this litigation. The alleged wrongs occurred years after this lawsuit was brought. Defendants' motion will be granted. Defendants also propose generally that Plaintiffs be limited to presenting evidence at trial that was disclosed prior to the close of discovery, or, cited in their response to Defendants' motion for summary judgment. (Doc. No. 222 at 18.) Defendants assert that Plaintiffs will likely try to introduce evidence at trial that is irrelevant or based upon speculation, and thus the Court should restrict Plaintiffs to their witnesses and exhibits previously provided in discovery. In response, Plaintiffs argue that Defendants' request lacks the necessary specificity, and Defendants should instead cite the specific exhibits to which they object. (Doc. No. 230 at 15.) The decision to exclude evidence lies within the discretion of the trial judge. Glass v. Philadelphia Elec. Co., 34 F.3d 188, 191 (3d Cir. 1994).

Because Defendants request that the Court exclude a potentially large body of evidence without specifying the requisite grounds for excluding each piece of evidence, the Court finds that Plaintiffs should not be limited to presenting evidence cited in their brief in opposition to Defendants' motion for summary judgment or identified during discovery. Although the Court is sympathetic to Defendants' concerns that Plaintiffs may present irrelevant evidence, the Court observes that Defendants may object to inadmissible evidence at trial, if necessary.

## VI. PLAINTIFFS' PROPOSED SPOLIATION JURY INSTRUCTION

Although Defendants did not address Plaintiffs' proposed spoliation jury instruction in their omnibus motion in limine, Plaintiffs assert in their pretrial memorandum that they will likely seek a spoliation instruction at the close of trial. (Doc. No. 228 at 9.) Plaintiffs do not identify any evidence as having been destroyed by Defendants. Nor have Plaintiffs supplied the Court with any proposed spoliation instruction in their proposed jury instructions. Under the

spoliation of evidence doctrine, a party may seek a jury instruction on spoliation when evidence in the case has been destroyed. The jury instruction "permits the jury to assume that the destroyed evidence would have been unfavorable to the position of the offending party." Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d 76, 78 (3d Cir. 1994) (citations and internal quotation marks omitted). Absent a showing by Plaintiffs that evidence was destroyed, the Court will preclude Plaintiffs from seeking a spoliation instruction at the close of trial. The Court cautions Plaintiffs against attempting to relitigate discovery disputes and invites Plaintiffs to seek a hearing outside of the jury's presence should a basis for a determination on spoliation arise during trial.

**VII. CONCLUSION**

An order consistent with this memorandum follows.